UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROSS COUNTRY MOTOR CLUB, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> AUTO SERVICES COMPANY, INC. ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: 04-cv-11992 NG <br><br> **ANSWER WITH** <br> **COUNTERCLAIMS** |

Defendant, Auto Services Company, Inc. ("ASC"), hereby answers the plaintiff's Complaint (the "Complaint") as follows:

1. Paragraph 1 of the Complaint contains a recitation of the allegations contained in the Complaint to which no response is required.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

3. Admitted.

4. Admitted.

5. ASC denies the allegations contained in paragraph 5 of the Complaint, but respectfully refer the Court to the document referenced therein.

6. ASC denies the allegations contained in paragraph 6 of the Complaint that ASC has failed to make its required payments, and further answers that the parties' Agreement speaks for itself.

7. ASC admits the allegation contained in paragraph 7 of the Complaint that Cross Country Motor Club, Inc. sent ASC a letter, dated June 16, 2004, but denies that ASC breached its obligations under the Agreement.

8. ASC admits the allegation contained in paragraph 8 of the Complaint that the parties entered into a Settlement Agreement, and denies the remainder of the allegations in this paragraph.

9. Denied.

## RESPONSE TO COUNT I

10. In response to paragraph 10 of the Complaint, ASC repeats and realleges its responses to paragraphs 1 through and including 9 above.

11. Admitted.

12. Denied.

13. Denied.

## RESPONSE TO COUNT II

14. In response to paragraph 14 of the Complaint, ASC repeats and realleges its responses to paragraphs 1 through and including 13 above.

15. Denied.

16. Denied.

## RESPONSE TO COUNT III

17. In response to paragraph 17 of the Complaint, ASC repeats and realleges their responses to paragraphs 1 through and including 16 above.

18. Denied.

19. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

20.     Plaintiff's claims are barred by the doctrine of unclean hands.

### Second Affirmative Defense

21.     Plaintiff's claims are barred by the doctrines of promissory and/or equitable estoppel.

### Third Affirmative Defense

22.     Plaintiff's claims are barred by the doctrine of accord and satisfaction.


## COUNTERCLAIMS

1.     The Plaintiff-in-Counterclaim, ASC, is a company which provides extended service contracts to owners of motor vehicles throughout the United States.

2.     The Defendant-in-Counterclaim, Cross Country Motor Club, Inc. ("Cross Country") is a company engaged in the business of providing roadside assistance to operators of motor vehicles.

3.     In March of 2003, ASC contracted with Cross Country for Cross Country to provide roadside assistance to customers of ASC who were covered by ASC's extended service contract program (the "Agreement").

4.     The roadside assistance which Cross Country agreed to provide included: (1) a 24-hour toll-free telephone number staffed by Cross Country personnel, (2) nationwide 24-hour emergency roadside assistance for various situations including, e.g., flat tires, lock-outs, out-of-gas, dead battery, etc., and (3) nationwide 24-hour emergency towing services.

5. ASC has fully performed its obligations under the Agreement and has paid Cross Country for all proper services to which it is entitled.

## COUNT I
## Declaratory Judgment

6. Paragraphs 1 through 5 of the Counterclaim are incorporated herein by reference.

7. From the inception of the Contract to date, Cross Country regularly breached the Agreement by improperly billing ASC for services that Cross Country performed on behalf of individuals who were not customers of ASC and who were not enrolled in ASC's extended service contract program.

8. ASC is not required to pay Cross Country for services rendered on behalf of individuals who are not ASC customers.

9. Cross Country has wrongfully billed ASC for more than $153,000.00 for services performed on behalf of individuals who were not entitled to such roadside assistance from ASC.

10. Cross Country has also breached the Agreement by failing to provide the required roadside assistance to many of ASC customers who were entitled to such services.

11. On numerous occasions, Cross Country refused to provide roadside assistance to ASC customers who were entitled to such service. Cross Country has, on such occasions, refused to provide towing and lock-out services, among other services, to ASC customers stranded at night.

12. Cross Country's refusal to provide agreed upon 24-hour services to ASC's customers is a material breach of the Agreement which has endangered ASC's customers and has irreparably injured ASC's reputation.

13. Cross Country continues to be in breach of its obligations under the Agreement, and as a result, ASC is entitled to declaratory judgment that Cross Country has breached the Agreement, that the Agreement is terminated, and that the ASC has no further continuing obligations to Cross Country.

## COUNT II
## Breach of Contract

14. ASC incorporates the allegations contained in Paragraphs 1 through 13 above as if set forth fully herein.

15. Cross Country has breached its Agreement with ASC by billing ASC for services allegedly performed for individuals who were not ASC customers.

16. Cross Country has breached its Agreement with ASC by failing to provide the contracted services to ASC's customers.

17. As a result of the foregoing breaches, ASC has been damaged in an amount not less than $1,153,000.00.

## COUNT III
## Breach of the Duty of Good Faith and Fair Dealing

18. ASC incorporates the allegations contained in Paragraphs 1 through 17 above as if set forth fully herein.

19. By charging ASC for services performed on behalf of individuals who were not ASC customers and charging ASC for services that Cross Country performed on behalf of its other customers, Cross Country has breached the covenant of good faith and fair dealing implied in the Agreement.

20. As a result of the foregoing breaches of the covenant of good faith and fair dealing, ASC has been damaged in an amount to be determined at trial but in no event less than $1,153,000.00.

## COUNT IV
**Fraud**

21. ASC incorporates the allegations contained in Paragraphs 1 through 20 above as if set forth fully herein.

22. Cross Country represented to ASC that all services for which it billed ASC were incurred on behalf of ASC customers; such representation was material and false, in that Cross Country billed ASC for services that Cross Country performed on behalf of its other customers.

23. Cross Country fraudulently billed ASC for more than $153,000.00 for services performed for non-ASC customers.

24. ASC reasonably relied upon Cross Country's misrepresentations by paying Cross Country for those services that Cross Country performed for non-ASC customers.

25. Cross Country made such misrepresentations knowing they were false when made.

26. As a result of the foregoing fraud, ASC has been damaged in an amount of not less than $153,000.00.

## COUNT V
**Fraud**

27. ASC incorporates the allegations contained in Paragraphs 1 through 26 above as if set forth fully herein.

28. Prior to the parties entering into the Agreement, Cross Country represented to ASC that it had full, 24-hour, nationwide service capabilities for all manner of roadside assistance.

29. ASC also represented that it had qualified information-technology personnel capable of tracking ASC's customer database, which was necessary to determine whether an individual who called the parties' toll-free number was an ASC customer entitled to roadside assistance.

30. Both of the above representations were false when made and were known by Cross Country to be false.

31. Cross Country made both misrepresentations to induce ASC to enter into the Agreement.

32. ASC reasonably relied upon Cross Country's misrepresentations in entering into the Agreement with Cross Country.

33. As a result of the foregoing fraud, ASC has been damaged in an amount of not less than $500,000.00.

### COUNT VI
### Violations of M.G.L. c. 93A

34. ASC incorporates the allegations contained in Paragraphs 1 through 33 above as if set forth fully herein.

35. Both ASC and Cross Country are persons engaged in trade or commerce.

36. As set forth above, Cross Country has wrongfully charged ASC for services it did not perform under the Agreement, but which were in fact performed on behalf of other customers of Cross Country.

37. Cross Country has refused to refund to Cross Country the wrongfully paid charges, which refunds constitute an existing, known debt.

38. Cross Country has harassed ASC in an effort to coerce ASC to pay it substantial additional sums for services Cross Country did not perform under the contract, and has threatened to cease performing under the Agreement – leaving thousands of ASC's customers without roadside assistance -- unless ASC accedes to its demands.

39. Cross Country's actions constitute unfair and deceptive trade practices in violation of M.G.L. c. 93A that have caused Cross Country to be damaged in an amount to be proven at trial.

**WHEREFORE**, defendant ASC demands judgment as follows:

a. dismissing plaintiff's Complaint;

b. on its first through fifth counterclaims, for judgment and damages in an amount to be determined at trial;

c. on its sixth counterclaim for damages in an amount to be determined at trial, together with multiple damages under M.G.L. c. 93A;

d. for interest and costs, and attorneys' fees; and

e. for such other relief as the court deems just and proper.

Dated: September 20, 2004

Respectfully submitted,
Auto Services Company, Inc.
by its attorney,

By: *David Rapaport* /s/
David Rapaport, BBO#411020
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA 02108
(617) 589-3801

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Answer with Counterclaims of Defendant, Auto Services Company, Inc., to the Complaint was served upon Victor H. Polk, Jr., Esquire, the attorney of record for the Plaintiff by first class mail on September 20, 2004.

_____
David Rapaport