UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CROSS COUNTRY MOTOR CLUB, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AUTO SERVICES COMPANY, INC. )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 04-11992-NG |

## ANSWER TO COUNTERCLAIM

Plaintiff, Cross Country Motor Club, Inc. ("Cross Country"), hereby answers the Counterclaim of Defendant, Auto Services Company, Inc. ("ASC"), by paragraph number corresponding to that of the Counterclaim, as follows:

1.  Cross Country is without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and therefore denies same.

2.  Admitted.

3.  Cross Country admits that in March of 2003 it entered into an Agreement with ASC and that the Agreement speaks for itself. Cross Country denies any remaining allegations contained in this paragraph.

4.  Cross Country admits that in March of 2003 it entered into an Agreement with ASC and that the Agreement speaks for itself. Cross Country denies any remaining allegations contained in this paragraph.

5.  Denied.

-2-

## Count I
### Declaratory Judgment

6. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## Count II
### Breach of Contract

14. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

15. Denied.

16. Denied.

17. Denied.

## Count III
### Breach of the Duty of Good Faith and Fair Dealing

18. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

19. Denied.

20. Denied.

## Count IV
### Fraud

21. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

22. Cross Country states that it sent various invoices to ASC concerning the services that it provided to ASC and that these invoices were sent for work performed by

-3-

Cross Country in accordance with the Agreement between the parties. Cross Country denies the remaining allegations contained in this paragraph.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

### Count V
### Fraud

27. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

28. Cross Country admits that it has 24-hour nationwide service capabilities for roadside assistance. Cross Country denies the remaining allegations contained in this paragraph.

29. Cross Country is without sufficient information to form a belief as to whether ASC has represented that it had qualified information-technology personnel, and therefore denies same.

30. Cross Country refers ASC to its answers to paragraphs 28 and 29. Cross Country denies that it made any false representations to ASC and denies any remaining allegations contained in this paragraph.

31. Cross Country denies that it made any misrepresentations to ASC and denies any remaining allegations contained in this paragraph.

32. Denied.

33. Denied.

### Count VI
### Violations of M.G.L. c. 93A

34. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

35. Admitted.

36. Denied.

37. Cross Country states that the allegations contained in this paragraph are nonsensical and denies that it has allegedly refused to refund to itself any allegedly wrongfully paid charges.

38. Denied.

39. Cross Country states that the allegations contained in this paragraph are nonsensical and denies that its alleged actions have caused itself to be damaged.

## DEFENSES

1. The Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

2. The Counterclaim is barred, in whole or in part, by virtue of ASC's material breach of contract.

3. The Counterclaim is barred, in whole or in part, under principles of waiver and/or estoppel.

4. The Counterclaim is barred, in whole or in part, by reason of ASC's failure to mitigate damages.

5. The Counterclaim is barred, in whole or in part, by reason of ASC's unclean hands.

6. Any harm suffered by ASC resulted from its own acts or omissions or those of third parties for whom Cross Country is not responsible.

## REQUEST FOR RELIEF

WHEREFORE, Cross Country requests that the Court dismiss each and every counterclaim and each count thereof, and grant Cross Country its costs, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

CROSS COUNTRY MOTOR CLUB, INC.

By its attorneys,

_____
Victor H. Polk, Jr. (BBO # 546099)
William F. Benson (BBO # 646808)
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

Dated: September 24, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first-class mail on September 24, 2004.

_____
William F. Benson

-5-

LITDOCS/569630.1