UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____x
                                       :
CROSS COUNTRY MOTOR CLUB, INC.         :
                                       :
          Plaintiff,                   :    Civil Action No. 04-11992 -NG:
                                       :
     v.                                :    **DEFENDANT'S ANSWER WITH**
                                       :    **COUNTERCLAIMS TO**
AUTO SERVICES COMPANY, INC.            :    **PLAINTIFF'S FIRST**
                                       :    **AMENDED COMPLAINT**
          Defendant.                   :
_____x

Defendant Auto Services Company, Inc., by its attorneys, Cohen Lans, LLP, as and for its answer to the plaintiff's Amended Complaint (the "Amended Complaint") alleges as follows:

1. Paragraph "1" of the Amended Complaint contains a recitation of the allegations contained in the Amended Complaint to which no response is required.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Amended Complaint.

3. Admits the allegations contained in paragraph "3" of the Amended Complaint.

4. Admits the allegations contained in paragraph "4" of the Amended Complaint that the parties entered into an Agreement, dated March 20, 2003, but denies the remained of the allegations therein.

5. Admits the allegations contained in paragraph "5" of the Amended Complaint, but respectfully refer the Court to the document referenced therein for the terms thereof.

thereof.

6. Denies the allegations contained in paragraph "6" of the Amended Complaint, but respectfully refer the Court to the document referenced therein for the terms thereof.

7. Denies the allegations contained in paragraph "7" of the Amended Complaint that ASC has failed to make its required payments, and refers the court to the parties' Agreement for the terms referenced therein.

8. Admits the allegation contained in paragraph "8" of the Amended Complaint, but refers the court to the parties' Agreement for the terms referenced therein.

9. Admits the allegation contained in paragraph "9" of the Amended Complaint that the parties each sent notices of termination to the other party in 2004, and denies the remainder of the allegations in this paragraph.

10. Admits the allegations contained in paragraph "10" of the Amended Complaint that Cross Country initiated a suit on June 23, 2004, but denies the remainder of the allegations therein.

11. Admits the allegations contained in paragraph "11" of the Amended Complaint.

12. Denies the allegations in paragraph "12" of the Amended Complaint.

13. Admits the allegations contained in paragraph "13" of the Amended Complaint.

14. Denies the allegations in paragraph "14" of the Amended Complaint, and refers the court to ASC's Counterclaims for the nature of the counterclaims asserted.

15. Denies the allegations in paragraph "15" of the Amended Complaint.

16. Admits the allegations contained in paragraph "16" of the Amended Complaint that the term of the Agreement was three years, but denies the remainder of the allegations therein.

17. Denies the allegations in paragraph "17" of the Amended Complaint.

18. Admits the allegations in paragraph "18" of the Amended Complaint that ASC instituted an action in Baxter County, Arkansas, but denies the remainder of the allegations therein.

19. Denies the allegations in paragraph "19" of the Amended Complaint.

20. Denies the allegations in paragraph "20" of the Amended Complaint.

21. Denies the allegations in paragraph "21" of the Amended Complaint.

22. Denies the allegations in paragraph "22" of the Amended Complaint.

23. Denies the allegations in paragraph "23" of the Amended Complaint.

### RESPONSE TO COUNT I

24. In response to paragraph "24" of the Amended Complaint, defendant repeats and realleges its responses to paragraphs "1" through and including "23" above.

25. Admits the allegations contained in paragraph "25" of the Amended Complaint.

26. Denies the allegations contained in paragraph "26" of the Amended Complaint.

27. Denies the allegations contained in paragraph "27" of the Amended Complaint.

28. Admits that the allegations contained in paragraph "28" of the Amended

Complaint that Cross Country sent ASC a letter, dated June 16, 2004, but denies the allegations contained in such letter.

29. Admits the allegations contained in paragraph "29" of the Amended Complaint that the parties entered into a Settlement Agreement, but denies that ASC breached that Settlement Agreement.

30. Denies the allegations contained in paragraph "30" of the Amended Complaint.

### RESPONSE TO COUNT II

31. In response to paragraph "31" of the Amended Complaint, defendant repeats and realleges its responses to paragraphs "1" through and including "30" above.

32. Denies the allegations contained in paragraph "32" of the Amended Complaint.

33. Denies the allegations contained in paragraph "33" of the Amended Complaint.

34. Denies the allegations contained in paragraph "34" of the Amended Complaint.

### RESPONSE TO COUNT III

35. In response to paragraph "35" of the Amended Complaint, defendants repeat and reallege their responses to paragraphs "1" through and including "34" above.

36. Denies the allegations contained in paragraph "36" of the Amended Complaint.

37. Denies the allegations contained in paragraph "37" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred by the doctrines of promissory and/or equitable estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### COUNTERCLAIMS

1. Plaintiff Cross Country is a company engaged in the business of providing roadside assistance to operators of motor vehicles.

2. Defendant ASC is a company which provides extended service contracts to owners of motor vehicles throughout the United States.

3. In March 2003, Defendant ASC contracted with Cross Country for Cross Country to provide roadside assistance to customers of ASC who were covered by ASC's extended service contract program (the "Agreement").

4. The roadside assistance which Cross Country agreed to provide includes a 24-hour toll-free telephone number staffed by Cross Country personnel, nationwide 24-hour emergency roadside assistance for various situations including, e.g., flat tires, lock-outs, out-of-gas, dead battery, etc., and nationwide 24-hour emergency towing services.

5. ASC has fully performed its obligations under the Agreement and has paid

Cross Country for all proper services to which it is entitled.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

6. From the inception of the Contract to date, Cross Country regularly breached the Agreement by improperly billing ASC for services that Cross Country performed on behalf of individuals who were not customers of ASC and who were not enrolled in ASC's extended service contract program.

7. ASC is not required to pay Cross Country for services rendered on behalf of individuals who are not ASC customers.

8. Country has wrongfully billed ASC for more than $153,000 for services performed on behalf of individuals who were not entitled to such roadside assistance from ASC.

9. Cross Country has also breached the Agreement by failing to provide the required roadside assistance to many of ASC customers who were entitled to such services.

10. On numerous occasions, Cross Country refused to provide roadside assistance to ASC customers who were entitled to such service. Cross Country has, on such occasions, refused to provide towing and lock-out services, among others, to ASC customers stranded at night.

11. Cross Country's refusal to provide agreed upon 24-hour services to ASC's clients is a material breach of the Agreement which has endangered ASC's customers and has irreparably injured ASC's reputation.

12. Cross Country continues to be in breach of its obligations under the Agreement, and as a result, ASC is entitled to declaratory judgment that Cross Country has breached the Agreement, that the Agreement is terminated, and that the ASC has no further

continuing obligations to Cross Country.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of Contract)**

13. ASC incorporates the allegations contained in Paragraphs 1 through 12 above as if set forth fully herein.

14. Cross Country has breached its Agreement with ASC by billing ASC for services allegedly performed for individuals who were not ASC customers.

15. Cross Country has breached its Agreement with ASC by failing to provide the contracted services to ASC's clients.

16. As result of plaintiff's conduct, ASC has suffered substantial harm to its business resulting from dealers refusing to continue to sell ASC warranties due to the poor service provided by Cross Country and the large number of customer complaints from such poor service.

17. In addition, ASC informed Cross Country, in writing, that ASC was terminating the Agreement effective January 17, 2005 due to Cross Country's continuing breaches of the agreement with respect to the inadequate services it was providing customers and the fraudulent and inaccurate bills Cross Country had sent to ASC. As a result, the Agreement terminated as on January 17, 2005.

18. The Agreement requires Cross Country to return ASC's toll-free telephone number (the "Number") to ASC for $1.00 upon the expiration or termination of the agreement.

19. Cross Country wrongfully refused to return ASC's Number upon the termination of the Agreement on January 17, 2005, in order to prevent ASC from employing a

new service provider for its roadside assistance program and to force ASC to continue to use Cross-County's inadequate service.

20. Cross County breached the Agreement by refusing to transfer the Number back to ASC when the Agreement was terminated.

21. As a result of the foregoing breaches, ASC has been damaged in an amount not less than $1,153,000.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Breach of the Duty of Good Faith and Fair Dealing)**

22. ASC incorporates the allegations contained in Paragraphs 1 through 21 above as if set forth fully herein.

23. By charging ASC for services performed on behalf of individuals who were not ASC customers and charging ASC for services that Cross Country performed on behalf of its other clients, Cross Country has breached the covenant of good faith and fair dealing implied in the parties' Agreement.

24. As a result of the foregoing breaches of the covenant of good faith and fair dealing, ASC has been damaged in an amount to be determined at trial but in not event less than $1,153,000.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Fraud)**

25. ASC incorporates the allegations contained in Paragraphs 1 through 24 above as if set forth fully herein.

26. Cross Country represented to ASC that all services for which it billed ASC were incurred on behalf of ASC client; such representation was material and false, in that Cross

Country billed ASC for services that Cross Country performed on behalf of its other customers.

27. Cross Country fraudulently billed ASC for more than $153,000 for services performed for non-ASC customers.

28. ASC relied upon Cross Country's misrepresentations by paying Cross Country for those services that Cross Country performed for non-ASC customers.

29. Cross Country made such misrepresentations knowing they were false when made.

30. As a result of the foregoing fraud, ASC has been damaged in an amount not less than $153,000.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Fraud in the Inducement)

31. ASC incorporates the allegations contained in Paragraphs 1 through 30 above as if set forth fully herein.

32. Prior to the parties entering into the Agreement, Cross Country represented to ASC that it had full, 24-hour, nationwide service capabilities for all manner of roadside assistance.

33. ASC also represented that it had qualified information-technology personnel capable of tracking ASC's customer database, which was necessary to determine whether an individual who called the parties' toll-free number was an ASC customer entitled to roadside assistance.

34. Both of the above representations were false when made and were known by Cross Country to be false.

35. Cross Country made both misrepresentations to induce ASC to enter into

the Agreement.

36. ASC relied upon Cross Country's misrepresentations in entering into the Agreement with Cross Country.

37. As a result of the foregoing fraud, ASC has been damaged in an amount not less than $500,000.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of M.G.L. c. 93A)

38. ASC incorporates the allegations contained in Paragraphs 1 through 37 above as if set forth fully herein.

39. As set forth above, Cross Country has wrongfully charged ASC for services it did not perform under the Agreement, but which were in fact performed on behalf of other clients of Cross Country.

40. Cross Country has refused to refund to Cross Country the wrongfully paid charges, which refunds constitute an existing, known debt.

41. Cross Country has harassed ASC in an effort to coerce ASC to pay it substantial additional sums for services Cross Country did not perform under the contract, and has threatened to cease performing under the Agreement – leaving thousands of ASC's clients without roadside assistance -- unless ASC accedes to its demands.

42. Cross Country's actions constitute unfair and deceptive trade practices in violation of M.G.L. c. 93A that have caused Cross Country to be damaged in an amount to be proven at trial.

**WHEREFORE**, defendant ASC demands judgment as follows:

a. dismissing plaintiff's Amended Complaint;

    b.    on its first through fifth counterclaims, for judgment and damages in an amount to be determined at trial;

    c.    on its sixth counterclaim for damages in an amount to be determined at trial, together with multiple damages under M.G.L. c. 93A;

    d.    for interest, costs, disbursements, and attorneys' fees; and

    e.    for such other relief as the court deems just and proper.

Dated: New York, New York
       July 18, 2005

**Cohen Lans, LLP**

By: _____
Jason a. Advocate (JA 2668)
Attorneys for Defendant
Auto Services Company, Inc
885 Third Avenue
New York, NY 10022
(212) 326-1730


TO:    David Aisenberg, Esq.
        Looney, Cohen, Reagan & Aisenberg, LLP
        109 State Street
        Boston, MA 02109
        (617) 371-1050


**Doc. #27844**