UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
CROSS COUNTRY MOTOR CLUB, INC.,   )
      Plaintiff,                  )
v.                                )   CIVIL ACTION
                                  )   NO. 04-11992-NG
AUTO SERVICES COMPANY, INC,       )
      Defendant.                  )
                                  )
```

### ANSWER TO COUNTERCLAIMS

1. The plaintiff, Cross Country Motor Club, Inc. ("Cross Country"), hereby answers the Counterclaim of the defendant, Auto Services Company, Inc. ("ASC"), by paragraph number corresponding to that of the Counterclaim, by denying each and every allegation contained in the Counterclaim, unless specifically admitted herein, and does so without waiving but expressly reserving all rights that it might have to seek relief by appropriate motions directed to the allegations of the Counterclaim, and further admits, denies and alleges as follows:

    1. Admitted.

    2. Cross Country is without sufficient information to form a belief as to the veracity of the allegations contained in this paragraph and therefore denies same.

    3. Cross Country admits that in March of 2003 it entered into an Agreement with ASC and that the Agreement speaks for itself. Cross Country denies any remaining allegations contained in this paragraph.

4. Cross Country admits that in March of 2003 it entered into an Agreement with ASC and that the Agreement speaks for itself. Cross Country denies any remaining allegations contained in this paragraph.

5. Denied.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

13. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Cross Country admits that in March of 2003 it entered into an Agreement with ASC and that the Agreement speaks for

-2-

itself. Cross Country denies any remaining allegations contained in this paragraph.

19. Denied.

20. Denied.

21. Denied.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of the Duty of Good Faith and Fair Dealing)

22. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

23. Denied.

24. Denied.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Fraud)

25. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

26. Cross Country states that it sent various invoices to ASC concerning services that it provided to ASC and that these invoices were sent for work performed by Cross Country in accordance with the Agreement between the parties. Cross Country denies the remaining allegations contained in this paragraph.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

-3-

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Fraud in the Inducement)

31. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

32. Cross country admits that it has 24-hour nationwide service capabilities for roadside assistance. Cross Country denies the remaining allegations contained in this paragraph.

33. Cross Country is without sufficient information to form a belief as to whether ASC has represented that it had qualified information-technology personnel, and therefore denies same.

34. Cross Country refers ASC to its answers to paragraphs 32 and 33. Cross Country denies that it made any false representations to ASC and denies any remaining allegations contained in this paragraph.

35. Cross Country denies that it made any misrepresentations to ASC and denies any remaining allegations contained in this paragraph.

36. Denied.

37. Denied.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of M.G.L. c.93A)

38. Cross Country repeats and restates its responses to the previous numbered paragraphs as if fully set forth herein.

39. Denied.

-4-

40. Cross Country states that the allegations contained in this paragraph are nonsensical and denies that it has allegedly refused to refund to itself any allegedly wrongfully paid charges.

41. Denied.

42. Cross Country states that the allegations contained in this paragraph are nonsensical and denies that its alleged actions have caused itself to be damaged.

### DEFENSES

1. The Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

2. The Counterclaim is barred, in whole or in part, by virtue of ASC's material breach of contract.

3. The Counterclaim is barred, in whole or in part, under principles of waiver and estoppel.

4. The Counterclaim is barred, in whole or in part, by reason of ASC's failure to mitigate damages.

5. The Counterclaim is barred, in whole or in part, by reason of ASC's unclean hands.

6. Any harm suffered by ASC resulted from its own acts or omissions or those of third parties for whom Cross Country is not responsible.

**REQUEST FOR RELIEF**

WHEREFORE, Cross Country requests that the Court dismiss each and every counterclaim and each count thereof, and grant Cross Country its costs, including reasonable attorney's fees, and such other relief as the Court deems just and proper.

```
                    CROSS COUNTRY MOTOR CLUB, INC.,

                    By its Attorneys,

                    /s/ David C. Aisenberg
                    Looney, Cohen, Reagan & Aisenberg LLP
                    David C. Aisenberg, BBO # 545895
                    109 State Street
                    Boston, MA  02109
                    (617) 371-1050
```