UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CROSS COUNTRY MOTOR CLUB, INC.,      )
    Plaintiff,                       )
                                     )
v.                                   )      CIVIL ACTION
                                     )      NO.04-11992-NG
AUTO SERVICES COMPANY, INC,          )
    Defendant.                       )
                                     )

### JOINT STATUS REPORT

Pursuant to the Scheduling Order dated April 26, 2005, the parties submit the following status report.

(a) The Status of the Case: The parties have each served and responded to written discovery requests.

Cross Country, on or about May 12, 2005, amended its Complaint against defendant, necessitating additional discovery by defendant. On July 15, 2005, ASC served Cross Country with a Second Request for Production of Documents and a Second Set of Interrogatories addressing the claims Cross Country incorporated in its Amended Complaint. ASC received Cross Country's responses and objections to defendant's Second Request for Production of Documents and a Second Series of Interrogatories on August 23, 2005, but Cross Country has yet to provide responsive documents.

By letter, dated August 31, 2005, defendant requested a Rule 37.1 conference to address the discovery responses of the defendant Auto Services Company, Inc. ("ASC"). As of the date

of filing this status report, Cross Country has not been able to respond to the request for a discovery conference because its counsel is out of the office until September 7, 2005, as ASC's counsel knows.

On May 13, 2005, the parties' counsel conducted a Rule 37.1 conference regarding discovery disputes. The parties were unable to resolve their disputes and both reserved the right to move to compel further responses to discovery.

By letters dated June 3, 2005 and July 18, 2005, the plaintiff Cross Country Motor Club, Inc. ("Cross Country") requested Rule 37.1 conferences to address the discovery responses of the defendant Auto Services Company, Inc. ("ASC"). To date, ASC has not responded to the Rule 37.1 requests. Cross Country reserves its right to move to compel further responses to discovery from ASC.

No depositions have been taken or noticed. Cross Country did not notice any depositions because it was waiting for the complete discovery responses from ASC before doing so. ASC did not notice any depositions because it is waiting for the complete discovery responses from Cross Country before doing so.

The parties have not designated any experts.

(b) Scheduling for the Remainder of the Case Through Trial: Once the issues of the written discovery and the depositions are resolved, the parties will be ready to try this case. The

2

parties disagree about whether any dispositive motions will be
filed, with ASC anticipating that it will make such a motion,
while Cross Country does not anticipate making any dispositive
motion.  Cross Country and ASC anticipate being ready for trial
in early 2006.

(c) The Further Use of Alternative Dispute Resolution:
Prior efforts to resolve this dispute by ADR were unsuccessful.
Nevertheless, Cross Country and ASC remain receptive to ADR.

(d) Consent to Trial by the Magistrate Judge: Cross Country
and ASC consent to trial by Magistrate Judge Dein.

CROSS COUNTRY MOTOR CLUB, INC.,

By its Attorneys,


s/David C. Aisenberg
Looney, Cohen, Reagan & Aisenberg LLP
David C. Aisenberg, BBO # 545895
109 State Street
Boston, MA  02109
(617) 371-1050


AUTO SERVICES, INC.

By its Attorneys,


s/Jason A. Advocate
Cohen Lans, LLP
Jason A. Advocate
885 Third Avenue
New York, New York 10022
212) 980-4500